# THE SUPREME COURT

OF

# THE STATE OF LOUISIANA.

EASTERN DISTRICT, MAY TERM, 1826.

East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

*LANUSSE'S SYNDICS* vs. *PIMPIENELLA.*

APPEAL from the court of the first district.

PORTER, J., delivered the opinion of the court. This action was commenced to recover from the defendant, a sum of money, charged in the petition to have been received by him in the capacity of attorney in fact to the plaintiffs.

The answer admits the agency; the receipt of a sum of money amounting to 9957 dollars 62½ cents; but avers, that the defendant's expenses in collecting the money in Mexico, and pursuing other claims of the the plaintiffs there, amounted to 3999 dollars 93 cents, and

The plaintiff against whom a plea of reconvention is filed, cannot discontinue.

If an agent, who is to be paid on condition that he succeeds in the business entrusted to him, be dismissed without cause, he can claim a sum equal to the trouble he has been put to.

VOL. IV. (N.S.)      56

East'n. District.
*May,* 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

that he has paid over to Paul Lanusse, the attorney of the syndics, 5953 dollars 68¾ cents; which leaves a balance in favor of the plaintiffs only of four dollars.

The answer also avers, that the defendant was charged by the plaintiffs with the recovery of the proceeds of a cargo of a vessel confiscated by the former government of Mexico, amounting to 49,600 dollars in specie, and a quantity of tobacco; that the plaintiffs agreed to pay his expenses in prosecuting this recovery, and to allow him ten per cent. commission on the amount which might be received by him.

That with infinite labor, trouble and expense, he, the defendant, had nearly completed the recovery of the claim entrusted to his management, when the plaintiffs annulled the power conferred on him, and appointed another agent in his stead.

That, by reason thereof, he was prevented from complying with his agreement, and that he is entitled to the same commission, as if the money had been collected. For the amount of this commission, deducting the balance of four dollars, due him on the monies collected, judgment is prayed in reconvention.

On this answer being put in, the plaintiffs moved the court for leave to discontinue. It was granted to them; but on a rule taken by the appellee, this order was rescinded, and the cause reinstated.

East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

The correctness of the decision which denied the plaintiff the permission to withdraw his case, is the first question presented for our examination.

Unless the situation of the parties in this case, greatly differs from ordinary ones, it was conceded on the part of the appellee, that the application should have been sustained.

The right of the defendant to reconvene the plaintiffs in the same suit, in which the latter makes a demand of him, though as clearly established by the ancient laws of this country, as any other principle to be found in them, and though of familiar use among all the modern nations whose jurisprudence is derived from the same origin as ours, has but recently been put into practice in this state. The first case in which it was expressly recognized by this court, was that of *Evans* vs. *Gray*. The legislature have since acted on it; but they have done no more than establish the general principles, leaving the par-

East'n. District.
*May,* 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.
ticular questions which might arise to be decided by deductions from those general principles; or by reference to the Spanish jurisprudence where not only the same general rules are found. but the modifications, which they have received in their application to particular cases. 12 *Martin,* 483; *Vol.* 2, 73; *Dig. liv.* 2, *tit.* 1, *c.* 11; *Toullier, Droit Civil Français, vol.* 7, *liv.* 3, *tit.* 3, *cap.* 5, *no.* 346, *in note; Febrero, p.* 2, *lib.* 3, *cap.* 1, §6, *no.* 224; *Curia Phil. p.* 1; *Juicio Civil,* §15, *nos.* 7 *and* 9; *Code of Practice,* 374—77.

Whether the plaintiff can discontinue his action, and by this means, put both himself and the defendant out of court, will depend in some measure on ascertaining in what light he is to be viewed in relation to the demand in reconvention; whether he be not *quoad* this demand really defendant: for, if he is, it would seem to follow as a consequence, that he cannot exercise a right which is given to those who are asking for judgment against others, and who are therefore left at liberty to enforce their claims in the manner, and at the time which their interests may dictate. He stands, on the contrary, according to the hypothesis just put, in a situation where every

imaginable reason is opposed to the exercise of such a privilege. There would be few judgments we imagine, rendered in this country, or any other, if the party against whom condemnation was prayed, and against whom it was about to be pronounced, could arrest the sentence, by the expression of a wish that it should be postponed to another time, or by desiring, that the suit against him should be discontinued.

Now, with the exception, that the defendant who sets up the plea of reconvention is not the party with whom the cause originates, it is not seen by us in relation to such claim, in what other light he can be viewed than as plaintiff. In all these things, which essentially distinguish the one from the other, he certainly is: his demand is not merely that the plaintiff shall not have judgment, but that he shall be obliged to render to the defendant something which is withheld from him. On the judgment which might be rendered on this demand, the same consequences would follow as if the suit had been commenced by original petition, instead of one in reconvention.

*Reconventio est petitio quâ reus vicissim, quid ab*

East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

East'n. District.
May, 1826.

LANUSSE'S
SYNDICS
vs.
PIMPIENELLA.

*actore petit, ex eadem, vel diversa causa.    Voet. in tit. de Judiciis, no. 78.*

*La reconvencion es segunda convencion, mutua peticion, ó nueva demanda, que el reo pone al actor en vista de la que este le puso. Febrero, p. 3, cap. 1, §6, no. 224.*

It follows then, that every consideration which prohibits the defendant from withdrawing from a cause, applies with equal force against allowing the plaintiff to discontinue the demand presented against *him ;* and, if the reasoning from general principles, on which this conclusion has been obtained, required any aid from the practice in the Spanish courts, the books which treat of it, are clear and express, that in those tribunals he had no power to do so.    *Febrero, p. 2, lib. 3, cap.* 1, §6, *nos.* 224, 237.

It was contended, that the right to discontinue at any time before verdict rendered, was an incident belonging to the trial by jury, and that the introduction of that mode of trial into Louisiana, brought with it this right.    In the present case, no jury was prayed for ; the argument, therefore, does not apply : but if it had, would the plaintiff's position be made stronger ?  We think not.  The rights of the

East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

parties, and their control over the cause, must depend on our laws, not those of England. In that country, the plaintiff cannot be made defendant; here, as we have already seen, he may: to make the practice there, a guide for us, it should be shown, that at common law the *defendant* has the power to discontinue at any time before verdict. The introduction of a new mode of trial does not repeal the former provisions of our law, in relation to those matters which might be put at issue and tried in the same cause, unless that mode of trial was incompatible with the investigation of these matters. No such incompatibility has been shown here: the jury can as well try, and decide, two issues as one.

As to the decision of this court, in which it was stated, that this plea might be used as a *defence* against the plaintiffs' claim, no aid can be derived from it, to support the plaintiffs on the ground assumed by them. Pleas in reconvention are of three kinds. The *first* is, where the defendant sets up a liquidated claim which is of greater amount than that on which he is sued, and asks judgment for the surplus. Pleadings containing such matter, embrace two things: compensation which ex-

East'n. District,
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

tinguishes the plaintiff's demand, and recon-
vention for the balance due. The *second* is,
where the sum set up in the answer is not
liquidated, and the object of the plea is, that
it should be made so, in order that the sum
found due should be used in compensation of
the plaintiffs' claim, and that judgment should
be obtained for the overplus. The *third* and
last kind is, where the demand is totally in-
dependent of the action brought by the
plaintiff; but it has been lately excluded
from our practice by legislative provision.
The first and second are most usually de-
cided at the same time that judgment is given
on the original demand ; but, though they are
both used for the purposes just mentioned,
there cannot be a doubt, that for the sum for
which judgment is demanded in the plea, the
defendant is really and substantially plaintiff.
The terms used in the laws on this subject,
and by the writers who comment on them, by
which the party who sets up this plea is called
the *defendant*, and he against whom it is used,
is styled *plaintiff*, cannot change the nature of
things. These terms are resorted to from
necessity, to avoid confusion in explaining, by
whom, and against whom, this right can be

East'n. District.
May, 1826.

LANUSSE'S
SYNDICS
vs.
PIMPIENELLA.

exercised. *Code of Practice*, 376; *Toullier*, *Droit Civil Français, liv.* 3, *tit.* 3, *cap.* 5, *nos.* 349, 350, 351.

The amount accorded by the court below to the defendant, for the expenses by him incurred, was not much contested in argument; but that part of the judgment which allowed him a certain sum as the value of his services in the business which was not completed, at the time the power was revoked, has been urged to be erroneous. That the claim, which the court has thus sustained by its judgment, is one of the strongest equity, cannot be denied. It is difficult to imagine a case of greater injustice, than that of an agent employed on the promise of remuneration, if he succeeded in the matter for which he is engaged, being dismissed without any imputed fault; and the dismissal followed up by a refusal to pay him any thing for the care taken, the time lost, and the trouble experienced, in the service of those who wantonly discharge him. The law does not sanction such a proceeding. If, as formerly, the contract of mandate was gratuitous, and the agent had undertook to perform it without reward, the principal might put an end to it when he

East'n. District.
*May*, 1826.

LANUSSE'S
SYNDICS
*vs.*
PIMPIENELLA.

pleased; and as the agent had no claim for the services when rendered, he could have none for not being permitted to render them. But since the passage of our Code, a remuneration may be stipulated for the duties to be performed under this contract; and consequently, where that remuneration depends on his success, the agent has an interest that the power should not be put an end to improperly. Whether that interest extends so far as to enable him to claim the whole sum to which he would have been entitled, had he been suffered to finish the business he commenced, need not be inquired into, as the appellee has not prayed that the judgment below should be changed; and we are satisfied, no error was committed, in decreeing to him a fair compensation for the work and labor done in the service of the plaintiffs.

The amount allowed is supported by the testimony, and does not appear to us unreasonable.

The judgment of the court below is erroneous, in being directly against the defendants; whereas it should have been, that the plaintiffs be placed on the tableau of distribution, to be paid according to their rank.

It is therefore ordered, adjudged, and decreed that the judgment of the district court be annulled, avoided, and reversed; and it is further ordered, adjudged, and decreed that the defendant in the cause, and the plaintiff in reconvention, do recover of the estate of Paul Lanusse the sum of $4,615, and that he be placed on the tableau of distribution accordingly; it is further ordered, adjudged, and decreed that the appellants pay the costs of the court of the first instance, and the appellee those of appeal.

*Derbigny* for the plaintiffs, *Seghers* for the defendant.